Case No. 23-70076

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re: COUNTY OF LOS ANGELES

*Petitioner,*

v.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

(Western Division - Los Angeles)

*Respondent.*

LA ALLIANCE FOR HUMAN RIGHTS, et al.

*Real Parties in Interest.*

On Petition for a Writ of Mandamus in
Case No. 2:20-cv-02291-DOC-KES

## REAL PARTIES IN INTERESTS' ANSWER TO PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA AND REQUEST FOR STAY OF PROCEEDINGS IN DISTRICT COURT

Matthew Donald Umhofer (CA SBN 206607)
mumhofer@umklaw.com
Elizabeth A. Mitchell (CA SBN 251139)
emitchell@umklaw.com
UMHOFER, MITCHELL & KING LLP
767 S. Alameda St., Suite 270
Los Angeles, California 90021
Telephone: (213) 394-7979
Facsimile: (213) 529-1027

*Attorneys for Real Parties in Interest,*
LA Alliance for Human Rights, Joseph Burk, George Frem, Wenzial Jarrell, Charles Malow, Karyn Pinsky, and Harry Tashdjian

The County seeks to enforce a settlement agreement that contains express, unmet conditions precedent that the district court had no obligation to meet.

The conditions could not be clearer: "[T]his Agreement shall become effective and operative on the date that the District Court enters an Order dismissing, with prejudice, the Action, subject to the court's continuing enforcement in accordance with Section P of this Agreement." (ER 134.)[1]

This meant that the Settlement Agreement could become effective only if the district court entered an order that (i) dismissed the action with prejudice and (ii) included "the court's continued enforcement" of the terms of the agreement. The district court did neither, so the conditions precedent were not met, the agreement did not "become effective and operative," and there is no agreement to be enforced. Roth v. Garcia Marquez, 942 F.2d 617, 626 (9th Cir. 1991) (A contract in which the defendant's "signature was a condition precedent to the forming of a binding contract. Since he never signed, no contract was formed."); see also Int'l Brotherhood of Teamsters v. NASA Servs., Inc., 957 F. 3d 1038, 1050 (9th Cir. 2020) ("If the condition precedent failed, there is no contract.").

---

[1] Plaintiffs and the County later submitted to the Court an addendum to the Settlement Agreement (ER 148-159), which altered certain terms in the original Settlement Agreement but left untouched paragraph A(1).

The only remaining question is whether the district court was somehow obligated to perform the conditions precedent. The County concedes the court was not: "the County is not asserting the district court was obligated to accept ancillary jurisdiction to enforce the settlement agreement. Because a court's decision to do so—or not—is *always* discretionary[.]" (Pet. at 32.)[2]

This candid concession cancels out the County petition's claims:

    i.    The Settlement Agreement could only become operative if the district court dismissed and retained ancillary jurisdiction over the settlement.

    ii.    The district court did not do so.

    iii.    The district court was under no obligation to do so.

    iv.    The district court made no error that warrants relief.[3]

Instead of confronting the contractual condition that conquers its petition, the County dodges it with arguments like this: "While the district court was free to decline the parties' request to retain ancillary jurisdiction, that decision did *not*

---

[2] The Supreme Court itself has confirmed that "[w]hen the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action 'shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper,' the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, **in the court's discretion**, be one of the terms set forth in the order." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994) (emphasis added) (citing Fed. R. Civ. P. 41(a)(2)).

[3] The district court order that is the subject of this writ follows this analysis, and therefore was neither error nor an abuse of discretion. (ER 4-5.)

give the district court the power to throw out the parties' settlement agreement or refuse their stipulated dismissal." (Pet. at 33.) This argument sidesteps the condition precedent issue by assuming the premise—it starts from the premise that the Settlement Agreement was valid. The correct analysis starts with whether there was a valid Settlement Agreement in the first place—and because the express conditions precedent to its enforcement were not met, there was and is no valid operative agreement. And because there was no agreement, the district court could not and did not "throw [it] out." (Id.)

Bad arguments like this abound in the County's petition. For example, the County leans heavily on an out-of-district court's observation that "a term mandating a court's continuing jurisdiction over a matter is not properly considered a term of a settlement." Martin v. Moorhead Metro. Area Transit, 971 F. Supp. 414, 415 (D. Minn. 1997). But this observation merely affirmed the very point the County has acknowledged: "the parties cannot, by agreement, compel the Court's continuing jurisdiction." Id. Conspicuously absent from Martin or any other cited by the County is a settlement in which the parties agreed there was no deal unless the court agreed to exercise its discretion to retain ancillary jurisdiction. So the County's settlement authorities have no bearing here.

The County's "severability" argument fares no better. This Court confronted and rejected an argument nearly identical to the County's in

3

International Brotherhood of Teamsters v. NASA Services, Inc., where a union seeking to vindicate an arbitration clause argued that that even if a condition precedent in the relevant contract was not met, "a contract was duly formed and the arbitration clause is thus severable and binding under federal arbitration law." 957 F. 3d 1038, 1041 (9th Cir. 2020). The district court "concluded the arbitration clause was severable and directed the arbitrator to resolve the parties' dispute[.]" Id. This Court reversed the district court's severability holding because language consistent with the language in this case—"the 'terms of this Agreement shall only become operative if all of the conditions set forth in paragraph 15 are satisfied[]'"—"clearly and unambiguously" operated as "a condition precedent to formation." Id. at 1044 (citation omitted). This Court concluded:

> We therefore reverse the district court's order compelling arbitration. From October 17, 2014 to December 31, 2017, NASA and Local 396 were parties to a proposed agreement that would become operative, effective, and enforceable *if and only if* the condition precedent therein was satisfied. **If the condition precedent failed, there is no contract.**

Id. at 1050 (bold emphasis added).

The same is true here. The condition precedent to formation in this case is unequivocal—the Settlement Agreement did not "become effective and operative" unless the district court dismissed and chose to exercise ancillary jurisdiction over the settlement. (ER 134.) It is undisputed that these conditions failed, so there is

4

no contract. And as in NASA Services, because there is no contract, the Settlement Agreement's severability clause has no force here. This reading "best honors 'the intention of the parties . . . collected from the entire instrument.'" Id. at 1050 (citation omitted).

This reading also defeats the County's contention that the Plaintiffs have somehow "changed course" by first advocating for the Settlement Agreement and then declaring it dead. (Pet. at 34.) Plaintiffs and the County negotiated a settlement that was conditioned on the district court's discretionary exercise of its ancillary jurisdiction over the settlement, and Plaintiffs have simply held the County to that condition. It is the County, not the Plaintiffs, that changed course, as the County explicitly agreed to a continued-jurisdiction condition but now pretends it doesn't exist. This precise point was made in a case cited by the County, in which the district court declined to exercise ancillary jurisdiction but noted that while "a term mandating a court's continuing jurisdiction over a matter is not properly considered a term of settlement, it is possible that the Court's refusal to enter a permanent injunction could materially affect the parties' decision to settle this case and dismiss CEF's claims with prejudice." Child Evangelism Fellowship of Minnesota v. Minneapolis Special Sch. Dist. No. 1, No. CIV. 10-2687 JRT/JJK, 2013 WL 951405, at *3 (D. Minn. Mar. 12, 2013). The Settlement Agreement explicitly reflects this very concept—the district court's exercise of

5

continuing jurisdiction was a key element of the parties' decision to settle this case, and without it, there is no settlement.[4]

The remainder of the County's petition is piffle—a misleading litany of lamentations large and small about the district court's handling of the case. A comparison of the County's complaints to the actual record challenges the credibility of the County's account. For example:

1. The County claims that at one hearing, the district court "[took] the elected officials and counsel for Plaintiffs into his chambers (but refusing to allow counsel for the County to join)"—but on the record, the County *expressly waived any objection* to the Court speaking directly with elected officials. (ER 845 ("THE COURT: So, if we can do better, then, are you going to waive and let me talk with the leadership of this County and the City? MR. MILLER: I am, but I want to finish what I have to say … I want to just clarify, and then I'm going to waive, yes, your Honor. It's fine."); ER 848 ("Now, let me —— let me just last point, your Honor. Then I'll sit down and your Honor can talk to my clients directly.").)

2. The County insists that the district court "refused to dismiss the action because the court did not believe the County was doing enough to

---

[4] On this point, the district court repeatedly acknowledged a critical distinction the County ignores—that the parties could have settled without the Court's approval if they chose to, but if the parties wanted the Court to exercise ancillary jurisdiction over the settlement, the parties needed his approval, which he had the discretion to withhold. (ER 739 ("So you can quite frankly settle if you chose to without me, but you know that the Court doesn't have the approval for the settlement. I think it's inadequate, and I think there's no accountability here."); ER 772 ("In other words, I understand that you can settle without me. You can withdraw the complaint. But you are asking the Court to put my approval on this.").) The County's petition rests—and flounders—on its failure to grapple with the actual terms of the deal it sought to strike, which expressly subjected the settlement to the district court's discretion to exercise ancillary jurisdiction.

address homelessness based on its own independent research" (Pet. at 9)—but in fact, the Court merely referenced a 2019 report that was (i) issued *by the County*; (ii) cited in the complaint; and (iii) discussed in detail in a written order by the district court concerning the proposed settlement. (ER 166-69; ER 745 ("And I want to remind you what our own mental health director said in 2019. … Dr. Sherin said: The Mercer and ODR analysis suggests we may need to develop nearly 3,000 new subacute beds. And if there are unmet needs for subacute care among the homeless population which are not reflected in these estimates, we may need to develop even more subacute beds."); ER 739 ("And then you're asking the Court to also approve four years later, on a five-year program, which means nine years, half of what your Department of Mental Health is asking in 2019: 1,500?").) The Court was clearly entitled to rely on the report—which came from and was never challenged by the County—in deciding whether to exercise its discretion to supervise the settlement.

3. The County asserts the district court "did not trust the County would follow through on its contractual commitments" and "wanted additional powers of monitoring and enforcement to hold the County 'accountable'" (Pet. at 9)—but in fact, the district court explained that it was exercising its discretion not to accept ancillary jurisdiction over the settlement in part because the County's failure to comply with another consent decree had recently triggered contempt proceedings that heightened the Court's concerns around accountability issues in the Settlement Agreement. (ER 737 ("[F]ive years ago, a consent decree was signed concerning mental health …at the Los Angeles Jail. Judge Pregerson now has undertaken a contempt proceeding in that matter. And my concern transparently with all of you is: If the County was in contempt, if that wasn't fulfilled, let alone with a consent decree given by the County -- and I don't know when Judge Pregerson is going to rule -- why would this Court ever accept a simple report to the Court with no accountability in this matter?").)

The County should not be permitted to leverage this delusive litany to escape a trial on an issue as important as its tragic failure to provide services to those suffering from homelessness in Los Angeles.

For these reasons, the petition should be denied, and the case should proceed.

Dated: June 9, 2023                 Respectfully submitted,

                                         *s/ Matthew Donald Umhofer*
                                         UMHOFER, MITCHELL & KING LLP
                                         Matthew Donald Umhofer
                                         Elizabeth A. Mitchell

                                         *Attorneys for Real Parties in Interest*
                                         *LA Alliance for Human Rights, Joseph Burk,*
                                         *George Frem, Wenzial Jarrell,*
                                         *Charles Malow, Karyn Pinsky, and Harry*
                                         *Tashdjian*

# CERTIFICATE REGARDING COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 21(d)

This ANSWER TO PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA AND REQUEST FOR STAY OF PROCEEDINGS IN DISTRICT COURT contains 2,020 words, exclusive of the material specified in Federal Rule of Appellate Procedure 32(f).

Dated: June 9, 2023                    *s/ Matthew Donald Umhofer*

UMHOFER, MITCHELL & KING LLP
Matthew Donald Umhofer
Elizabeth A. Mitchell

*Attorneys for Real Parties in Interest*
*LA Alliance for Human Rights, Joseph Burk,*
*George Frem, Wenzial Jarrell,*
*Charles Malow, Karyn Pinsky, and Harry*
*Tashdjian*

1

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 23-70076

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

[X] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

Real Parties in Interests' Answer to Petition for Writ of Mandamus to the United States District Court, Central District of California and Request for Stay of Proceedings in District Court

**Signature** | s/ Matthew Donald Umhofer    **Date** | Jun 9, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 15**                                                                                                                   *Rev. 12/01/2018*